FILED
United States Court of Appeals
Tenth Circuit

May 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

QUINCEY GERALD KEELER,

        Plaintiff-Appellant,

v.

ARAMARK,

        Defendant-Appellee,

and

LARRY GENGLER,

        Consol Defendant-Appellee.

No. 11-3320
(D.C. No. 6:08-CV-01168-MLB-KGG)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Plaintiff Quincey Gerald Keeler appeals the district court's grant of summary

judgment in favor of his employer, Aramark Healthcare Support Services, LLC

(Aramark) and his supervisor, Larry Gengler. He challenges the district court's

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

dismissal of his claims for violation of the Family Medical Leave Act (FMLA), FMLA retaliation, and state law negligent supervision. We affirm.

The parties are familiar with the facts, which were quite ably described by the district court and need not be repeated in full. Briefly, Mr. Keeler, a food service employee in Aramark's hospital cafeteria, requested and was approved for a series of continuous FMLA leave requests in the fall of 2007. On September 6, 2007, Mr. Keeler requested FMLA leave from August 28 until September 15, for a neck abscess. On September 14, he requested leave until October 1 because of a draining wound. On September 27, he requested leave until November 1 because of a type of staph infection that does not respond to antibiotics (MRSA). Mr. Keeler returned to work on November 2, 2007.

First, Mr. Keeler alleges that Aramark violated FMLA because it did not pay him for the September 3, 2007, Labor Day holiday, citing 29 C.F.R. §§ 825.220(c) and 825.215(c)(2). FMLA allows qualified employees up to twelve weeks of unpaid leave each year for serious health problems. 29 U.S.C. § 2612(a)(1)(D). Using an employee's use of FMLA leave as a negative factor in employment actions is prohibited. *See* 29 C.F.R. § 825.220(c). In this regard, FMLA regulations state that "if a bonus or other payment is based on the achievement of a specified goal such as hours worked . . . or perfect attendance, and the employee has not met the goal due to FMLA leave, then the payment may be denied" so long as the employer treats other

employees who were absent for non-FMLA reasons in the same manner. 29 U.S.C. § 825.215(c)(2).

The district court dismissed this claim because Mr. Keeler was not entitled to Aramark's holiday pay bonus for Labor Day irrespective of Mr. Keeler's FMLA leave. Aramark presented undisputed evidence that it does not provide holiday pay for any employee on unpaid leave during the holiday or for any employee who did not work the last regularly scheduled workday before the holiday, unless that absence was previously approved. It is undisputed that Mr. Keeler was absent on the last workday before Labor Day without prior approval. Because the undisputed evidence demonstrates that Aramark met the conditions of § 825.215(c)(2) in denying Mr. Keeler paid leave for the Labor Day holiday, the district court correctly granted summary judgment in favor of Aramark on this claim.

Second, Mr. Keeler argues Aramark retaliated against him in violation of FMLA by not allowing him to return to work on September 15, 2007, and only allowing him to return to work when his doctor released him without any restrictions, on November 2, 2007. This claim is factually without merit. Mr. Keeler bases his claim on his doctor's September 6 note stating that Mr. Keeler could return to work on September 15 as a cashier. But that release was countermanded by the doctor's September 14 note stating that Mr. Keeler could not, in fact, return to work until at least October 1 because of a draining wound and by the doctor's September 27 note stating that Mr. Keeler could not return to work until October 31 due to MRSA. In

- 3 -

short, the undisputed evidence demonstrates that his doctor did not release Mr. Keeler to work until after October 31. Moreover, Aramark presented evidence that it was prevented by Center for Disease Control guidelines from allowing Mr. Keeler to work in its hospital until he no longer had a draining wound or MRSA. Inexplicably, Mr. Keeler says his doctor only told Aramark he had MRSA so that Mr. Keeler could claim FMLA leave, from which he argues that Aramark should have let him return to work earlier. Whatever else this demonstrates, it does not demonstrate that Aramark knew he did not have MRSA or in any way retaliated against Mr. Keeler by accepting his doctor's statements that he could not return to work due to MRSA until after October 31. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (holding that plaintiff must show employer took a materially adverse action against him that is causally connected to plaintiff's use of FMLA). We affirm the district court's dismissal of Mr. Keeler's FMLA retaliation claim.

Third, Mr. Keeler claims the district court erred in dismissing his negligent supervision claim based on his assertion that Aramark did not adequately investigate his claims of alleged FMLA violations. To establish a negligent supervision claim under Kansas law, Mr. Keeler must show that "the employer had reason to believe that an undue risk of harm to others would exist as a result of the employment of the alleged tortfeasor" and "such harm is within the risk." *Estate of Sisk v. Manzanares,* 262 F. Supp. 2d 1162, 1187 (D.Kan. 2002). We agree with the district court that

Mr. Keeler did not establish a triable issue that Aramark or Mr. Gengler had a duty to conduct any more extensive an investigation than they did, that either defendant had any reason to believe that a risk of harm to others would result from the employment of those Mr. Keeler alleges did an insufficient investigation, or that any investigatory actions by either of the defendants resulted in any harm to Mr. Keeler.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge