**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FEDWA KHALIK,

        Plaintiff–Appellant,

    v.

UNITED AIR LINES,

        Defendant–Appellee.

No. 11-1063

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 10-CV-01490-DME-MJW)**

John R. Olsen of Olsen & Brown, LLC, Niwot, Colorado, for Appellant.

Judith A. Biggs of Holland & Hart LLP, Boulder, Colorado (Emily Hobbs-Wright and Steven T. Collis of Holland & Hart LLP, Denver, Colorado, with her on the brief), for Appellee.

Before **BRISCOE**, Chief Judge, **McKAY,** and **O'BRIEN**, Circuit Judges.

**McKAY**, Circuit Judge.

This is an employment-discrimination case the district court dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff Fedwa Khalik appeals the dismissal, and we affirm.

Plaintiff is an Arab-American, born in Kuwait, who practices Islam.

Defendant United Air Lines hired her in 1995, and she rose to the position of Business Services Representative before Defendant terminated her position in 2009.  Plaintiff's complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for retaliation and discrimination because of race, religion, national origin, and ethnic heritage.[1]  Plaintiff's complaint also brings a retaliation claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.  Plaintiff also alleged state law claims for discrimination, retaliation, breach of contract, promissory estoppel, and wrongful termination in violation of Colorado public policy.

Since this case turns on the sufficiency of the facts set forth in the complaint, we will now set forth those alleged facts.  Plaintiff "was born in Kuwait and is an Arab-American.  Both of her parents are Palestinian." (Appellant's App. at 7.)  "Plaintiff's religion is Islam."  (*Id.* at 8.)  Defendant first employed Plaintiff in 1995, and "[s]he performed her job well at all times."  (*Id.*) "She rose to the job title of Business Services Representative."  (*Id.*)  "She was physically assaulted in the office (grabbed by the arm) after being subjected to a false investigation and false criticism of her work.  She was targeted because of her race, religion, national origin, and ethnic heritage."  (*Id.*)  "Plaintiff

---

[1] As the district court noted, Plaintiff's claim for relief based on "ethnic heritage" discrimination necessarily fails because "ethnic heritage" is not a protected class under Title VII.  *See* 42 U.S.C. § 2000e-2(a)(1).

-2-

complained internally about both discrimination at United Air Lines and being denied FMLA leave." (*Id*.) "She complained about an email sent by a United Air Lines employee discussing a possible sexual liaison with an underage girl (which constituted a threat of criminal violation endangering the public)." (*Id*.) Defendant's "reasons given for plaintiff's termination and other mistreatment as described herein were exaggerated and false, giving rise to a presumption of discrimination, retaliation and wrongful termination." (*Id*. at 9.)

More than two months after Defendant filed its motion to dismiss and three weeks after the deadline to amend pleadings had passed, Plaintiff sought to amend her complaint by adding the following sentence: "The above-stated actions against plaintiff were taken because of plaintiff's race, religion, national origin, ethnic heritage and in retaliation for reporting discrimination, seeking an FMLA leave, and reporting a criminal act by a United Air Lines employee that endangered the public." (*Id*. at 89.) The district court denied Plaintiff's motion to amend as futile and untimely and granted Defendant's motion to dismiss the federal claims for failure to state a claim. The district court also exercised pendent jurisdiction and dismissed the state law discrimination and retaliation claims as similarly not plausible. Plaintiff confessed Defendant's motion to dismiss the breach of contract and promissory estoppel claims, and therefore the district court exercised pendent jurisdiction and dismissed them with prejudice. The district court declined to exercise jurisdiction over Plaintiff's remaining

-3-

claim for violation of Colorado public policy, and therefore dismissed it without prejudice for lack of subject matter jurisdiction. This appeal followed. On appeal, Plaintiff challenges only the Rule 12(b)(6) dismissal of her discrimination, retaliation, and FMLA claims.

## DISCUSSION

We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Teigen v. Renfrew*, 511 F.3d 1072, 1078 (10th Cir. 2007). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Recently, the Supreme Court clarified this pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1955 (2009): to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id*.

The Court explained two principles underlying the new standard: (1) when legal conclusions are involved in the complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions," *Iqbal*, 129 S. Ct. at 1949, and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," *id*. at 1950. Thus, mere

-4-

"labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.

There is disagreement as to whether this new standard requires minimal change or whether it in fact requires a significantly heightened fact-pleading standard.[2] *Compare In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 911 (6th Cir. 2009) (construing *Twombly* as requiring a plaintiff to plead enough specific facts "to raise a reasonable expectation that discovery will reveal evidence"), *with id.* at 912 (Merritt, J., dissenting) (stating that the majority has "seriously misapplied the new standard by requiring not simple 'plausibility,' but by requiring the plaintiff to present at the pleading stage a strong probability of winning the case"), *and Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (stating that *Twombly* "did not . . . supplant the basic notice-pleading standard"). We noted in *Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010), that "the plausibility standard has been criticized by some as placing an improper

---

[2] This confusion is not helped by the fact that the Supreme Court decided *Iqbal* over the dissent of Justice Souter, who authored the majority opinion in *Twombly*. Justice Souter described the *Iqbal* 5-4 majority opinion as "bespeak[ing] a fundamental misunderstanding of the enquiry that *Twombly* demands." *Iqbal*, 129 S. Ct. at 1959 (Souter, J. dissenting).

burden on plaintiffs," where a chief criticism "is that plaintiffs will need discovery before they can satisfy plausibility requirements when there is asymmetry of information, with the defendants having all the evidence."

We recently stated this new standard is a "refined standard." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). In applying this new, refined standard, we have held that plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Further, we have noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn*, 656 F.3d at 1215; *see also Iqbal*, 129 S. Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Thus, we have concluded the *Twombly/Iqbal* standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Robbins*, 519 F.3d at 1247 (internal quotation marks and citations omitted).

In other words, Rule 8(a)(2) still lives. There is no indication the Supreme

Court intended a return to the more stringent pre-Rule 8 pleading requirements. *See Iqbal*, 129 S. Ct. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . ."). And in fact, the Supreme Court stated in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), a pre-*Twombly* case, that "[a] requirement of greater specificity for particular claims is a result that must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." *Id.* at 515 (internal quotation marks omitted). Thus, as the Court held in *Erickson v. Pardus*, 551 U.S. 89 (2007), which it decided a few weeks after *Twombly*, under Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 93 (quoting *Twombly*, 550 U.S. at 555 (alteration in original)); *see also al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden.").

While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim. *See Swierkiewicz*, 534 U.S. at 515; *see also Twombly*, 550 U.S. at 570. Thus, we start by discussing the elements a plaintiff must prove to establish a claim for discrimination and

retaliation under Title VII and the FMLA.[3]

Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Crowe v. ADT Sec. Servs. Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011). Under *McDonnell Douglas*, a three-step analysis requires the plaintiff first prove a prima facie case of discrimination. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). To set forth a prima facie case of discrimination, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class. *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998). The burden then shifts to the defendant to produce a legitimate, non-

---

[3] The parties agree that we evaluate Plaintiff's claims for discrimination and retaliation identically under federal and state law. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1219 n.11 (10th Cir. 2010) ("Colorado and federal law apply the same standards to discrimination claims, and so . . . they rise or fall together . . . ." (citation and internal quotation marks omitted)). Thus, any determination of Plaintiff's federal law claims will necessarily also determine her state law claims.

discriminatory reason for the adverse employment action.  *See Garrett*, 305 F.3d at 1216.  If the defendant does so, the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext.  *Id.*

Title VII also makes it unlawful for an employer to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter."  42 U.S.C. § 2000e-3(a).  A plaintiff can similarly establish retaliation either by directly showing that retaliation played a motivating part in the employment decision, or indirectly by relying on the three-part *McDonnell Douglas* framework.  *See Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987 (10th Cir. 2011).  To state a prima facie case for retaliation under Title VII, a plaintiff must show "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."  *Id.* at 998 (internal quotation marks omitted) (alteration in original).

The FMLA makes it unlawful for an employer to retaliate against an employee for exercising her rights to FMLA leave.  *See* 29 U.S.C. § 2615(a). Retaliation claims under the FMLA are also subject to the burden-shifting analysis of *McDonnell Douglas*.  *See Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006).  And again, to establish a prima facie case

of retaliation under the FMLA, a plaintiff must show(1) she engaged in protected activity, (2) the employer took a materially adverse action, and (3) there is a causal connection between the two. *Id*. at 1171.

We now turn to whether Plaintiff's complaint sufficiently stated plausible claims for relief. As we stated earlier, while Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims. We agree with the district court that Plaintiff's allegations are the type of conclusory and formulaic recitations disregarded by the Court in *Iqbal*. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's general assertions of discrimination and retaliation, without any details whatsover of events leading up to her termination, are insufficient to survive a motion to dismiss. While "[s]pecific facts are not necessary," *see Erickson*, 551 U.S. at 93, some facts are.

Plaintiff's arguments, particularly as framed at oral argument, accuse the district court of having erroneously applied a heightened pleading standard. If true, this would be a troublesome development, especially because in employment discrimination cases where the employers are large corporations, the employee may not know who actually fired her or for what reason. But, the *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face.

In this case, several of Plaintiff's allegations are not entitled to the assumption of truth because they are entirely conclusory, including her allegations that: (1) she was targeted because of her race, religion, national origin and ethnic heritage; (2) she was subjected to a false investigation and false criticism; and (3) Defendant's stated reasons for the termination and other adverse employment actions were exaggerated and false, giving rise to a presumption of discrimination, retaliation, and wrongful termination. *Cf. Iqbal*, 129 S. Ct. at 1951 (holding that the respondent's allegation that the petitioners "knew of, condoned, and willfully and maliciously agreed to subject him to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin" was conclusory and not entitled to the assumption of truth (internal quotation marks and brackets omitted)).

Striking those conclusory allegations leaves us with the following facts, which we take as true, *see id.* at 1949-50: (1) Plaintiff is an Arab-American who was born in Kuwait; (2) Plaintiff's religion is Islam; (3) Plaintiff performed her job well; (4) Plaintiff was grabbed by the arm in the office; (5) Plaintiff complained internally about discrimination; (6) Plaintiff also complained internally about being denied FMLA leave; (7) Plaintiff complained about an email that described a criminal act; and (8) Defendant terminated Plaintiff's employment position. These facts do not sufficiently allege discrimination or retaliation. There is no context for when Plaintiff complained, or to whom.

There are no allegations of similarly situated employees who were treated differently. There are no facts relating to the alleged discrimination. There is no nexus between the person(s) to whom she complained and the person who fired her. Indeed, there is nothing other than sheer speculation to link the arm-grabbing and/or termination to a discriminatory or retaliatory motive. And finally, Plaintiff alleges nothing that would link her request for FMLA leave, which she provides no details about, to her termination.

While we do not mandate the pleading of any specific facts in particular, there are certain details the Plaintiff should know and could properly plead to satisfy the plausibility requirement. For instance, Plaintiff should know when she requested FMLA leave and for what purpose. She should know who she requested leave from and who denied her. She should know generally when she complained about not receiving leave and when she was terminated. She should know details about how Defendant treated her compared to other non-Arabic or non-Muslim employees. She should know the reasons Defendant gave her for termination and why in her belief those reasons were pretextual. She should know who grabbed her by the arm, what the context for that action was, and when it occurred. She should know why she believed that action was connected with discriminatory animus. She should know who she complained to about the discrimination, when she complained, and what the response was. She should know who criticized her work, what that criticism was, and how she responded.

-12-

But in fact, Plaintiff offers none of this detail. To be sure, we are not suggesting a court necessarily require each of the above facts. But a plaintiff must include some further detail for a claim to be plausible. Plaintiff's claims are based solely on the fact that she is Muslim and Arab-American, that she complained about discrimination, that she complained about the denial of FMLA leave, and that Defendant terminated her. Without more, her claims are not plausible under the *Twombly*/*Iqbal* standard.[4]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal.

---

[4] Even before *Twombly/Iqbal*, cases that survived a motion to dismiss showed a higher level of detail. *See, e.g.*, *Swierkiewicz*, 534 U.S. at 514 (holding a complaint sufficiently pled where the plaintiff "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination"); *Mahon v. Am. Airlines, Inc.*, 71 F. App'x 32, 35 (10th Cir. 2003) (holding that a complaint sufficiently stated an equal protection claim where it specifically identified disparate treatment compared to other similarly situated workers); *Duran v. Ashcroft*, 114 F. App'x 368, 370 (10th Cir. 2004) (holding a complaint sufficient to state a claim where the plaintiff included relevant dates and specific instances of discrimination).