FILED
United States Court of Appeals
Tenth Circuit

September 26, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN ALEXANDER,

       Plaintiff-Appellant,

v.

KENNETH ADELBERG,

       Defendant-Appellee.

No. 12-1054
(D.C. No. 1:11-CV-02918-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

John Alexander is payee on a note made by Woodmoor Pines Golf & Country Club, LLC, and guaranteed by KDGC Holdings, LLC. He brought this diversity action against Kenneth Adelberg, seeking recovery from Mr. Adelberg for nonpayment of the note, relying on Colo. Rev. Stat. § 7-90-913(b). The district court dismissed the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Specifically, the court held that Colo. Rev. Stat. § 7-90-913(b) was inapplicable to Mr. Alexander's claim because the assets of both Woodmoor Pines Golf & Country Club and KDGC Holdings "were sold to Tri-Lakes Golf, LLC, in a sale approved by the District Court, County of El Paso, Colorado, in the course of a receivership proceeding after that court ordered dissolution under statutory authority for judicial dissolution of corporations." Aplt. App. at 59. The district court also observed that Mr. Adelberg has some ownership in the purchasing entity, Tri-Lakes Golf, but concluded that he "ha[d] no liability for its obligations because of [Colo. Rev. Stat.] § 7-80-705." *Id.* Mr. Alexander filed a motion for reconsideration, which the district court summarily denied.

This appeal followed. Mr. Alexander challenges the district court's conclusions that: (1) Colo. Rev. Stat. § 7-90-913(b) is inapplicable to his claim, and (2) the limited liability provisions of Colo. Rev. Stat. § 7-80-705 shield Mr. Adelberg from liability.

Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Rule 12(b)(6). *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

- 2 -

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Additionally, "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider

not only the complaint itself, but also attached exhibits, and documents incorporated

into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098

(10th Cir. 2009) (citation and internal quotation marks omitted). Because this is a

diversity case, "we review the district court's determination of state law *de novo*."

*Butler v. Union Pac. R.R.*, 68 F.3d 378, 379 (10th Cir. 1995).

The parties are familiar with the facts and procedural history of this case, and

we need not restate either here. Having reviewed the briefs, the record, and the

applicable law pursuant to the above-mentioned standards, we hold that

Mr. Alexander has not identified any reversible error in this case. We therefore

AFFIRM the judgment of the district court for substantially the same reasons stated

in its succinct February 9, 2012, order for dismissal. We GRANT Mr. Alexander's

motion to strike materials contained in Mr. Adelberg's supplemental appendix.

Entered for the Court

Wade Brorby
Senior Circuit Judge

- 3 -