FILED
United States Court of Appeals
Tenth Circuit

March 28, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEON E. LEE,

Plaintiff-Appellant,

v.

COHEN, MCNEILE & PAPPAS, P.C.;
JAMES M. MCNEILE; CLIFFORD A.
COHEN; GREGORY J. PAPPAS;
RICHARD MILONE; DUSTIN J.
STILES; SUSAN P. DECOURSEY;
JACK PEGGS; JOHN DOES 1-5,

Defendants-Appellees.

No. 12-3188
(D.C. No. 6:12-CV-01025-JTM-KGG)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

Leon E. Lee ("Lee") appeals the district court's dismissal of his claims against

defendants for alleged violations of the Fair Debt Collection Practices Act

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("FDCPA") and Kansas Consumer Protection Act ("KCPA"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

In 2011, Lee received a letter from Frederick J. Hanna & Associates, P.C. ("Hanna") about collecting a credit card debt he owed FIA Card Services. Lee sent a letter to Hanna requesting validation of the debt and received a response three weeks later from Hanna confirming the amount owed. Hanna eventually forwarded the collection to defendants Cohen McNeile & Pappas, P.C. ("Cohen"), which then sent a letter to Lee demanding the amount due. Lee sent Cohen a request for validation, to which Cohen did not respond. Lee then sent Cohen a notice of intent to sue asking for a response by email, and an attorney from Cohen did respond. The attorney did not include what the parties call a "mini-miranda," a required disclosure statement under 15 U.S.C. § 1692e(11) in communications that make a collection demand, in the email back to him.

Lee filed suit in the district court alleging that Cohen violated various components of the FDCPA including 15 U.S.C. § 1692g(b) by not validating his debt, 15 U.S.C. § 1692e(2) by misrepresenting the amount of the debt owed, and 15 U.S.C. § 1692e(11) by failing to provide a "mini-miranda." Cohen subsequently filed a motion to dismiss all claims.

On June 26, 2012, the district court granted Cohen's motion to dismiss, finding Lee's complaint failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, the court found that Cohen did not violate § 1692g(b) because

Lee had already received a validation letter from Hanna. The court noted that § 1692g(b) only imposes an obligation on the initial debt collector to validate the debt, not successive debt collectors like Cohen. The court also cited the statement in *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999), that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed" and "is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts . . . already paid." (internal quotation marks omitted.)

As to Lee's allegations of misrepresentation, the district court found that Lee's complaint lacked any specific factual allegations and instead contained only general, conclusory ones. With respect to the omitted "mini-miranda" statement, the district court determined that Lee had not adequately developed or supported his bare assertion that the omission of the "mini-miranda" statement on Cohen's litigation-related email violated his legal rights. The court dismissed the rest of Lee's claims because they were either unsupported by any factual allegations or relied on Cohen's failure to validate the debt, which the court had already dismissed as meritless.

On appeal, Lee contends that the district court erred because § 1692g(b) requires each subsequent debt collector to observe the validation requirements. He also asserts that § 1692e(11) requires strict compliance with the "mini-miranda" requirement, and that Cohen's failure to include it on the email to him was a clear

violation regardless of intent.  Additionally, Lee contends that he did allege facts sufficient to overcome dismissal.

We have reviewed de novo the record, the parties' briefs, and the applicable law.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).  The district court's decision is well-reasoned and none of Lee's arguments persuades us that the court erred in dismissing his complaint.  He provides no meaningful support for his contention that Cohen was required by law to validate his debt.  Nor does Lee identify facts alleged in the complaint that indicate the actions of Cohen were false or deceptive.  Further, there is nothing about the email from the attorney at Cohen that could be construed as misleading or deceptive, and it did not require a disclosure statement under § 1692e(11) because it was merely a response to Lee's threat of litigation.[1]  Accordingly, we affirm the district court's dismissal of Lee's claims for substantially the same reasons stated by the court in its Memorandum and Order entered on June 26, 2012.

Entered for the Court

John C. Porfilio
Senior Circuit Judge

---

[1]     Cohen included the "mini-miranda" disclosure in its initial communication to Lee.  To the extent that the attorney's response email could be construed as a follow-up notice, we note that it is an open question whether the disclosure requirement applies to follow-up notices at all.  *See Dikeman v. Nat'l Educators, Inc.*, 81 F.3d 949, 951 n. 8 (10th Cir. 1996).  Nevertheless, we need not decide that here because the attorney's response included only a denial of Lee's allegations as well as a reference to a settlement concerning litigation that had already commenced in state court.  It was thus not a collection demand under § 1692e(11).