FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 28, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

CHARMAINE BACA,

     Plaintiff-Appellant,

v.

MORRIS RODRIGUEZ, in his individual
capacity; EDIE JOHNSON; ARLENE
HICKSON, in their individual and
official capacities; CORRECTIONS
CORPORATION OF AMERICA,

     Defendants-Appellees,

and

BRANDI MILLER, in her individual and
official capacity,

     Defendant.

No. 13-2022
(D.C. No. 1:12-CV-00156-BRB-WDS)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Plaintiff Charmaine Baca, a prisoner of the State of New Mexico, appeals from an order of the district court dismissing her amended complaint. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

Defendant Corrections Corporation of America (CCA) is a private corporation which runs the New Mexico Women's Correctional Facility (NMWCF) in Grants, New Mexico, pursuant to a contract with the New Mexico Department of Corrections. At the time of the events complained of here, Ms. Baca was a post-conviction prisoner incarcerated at NMWCF. She filed suit on February 17, 2012, asserting claims under 42 U.S.C. § 1983 for a violation of her rights under the Eighth Amendment and claims under state law. She named as defendants a prison guard, Morris Rodriguez (in his individual capacity); CCA; and Warden Arlene Hickson and two other supervisory employees, Edie Johnson and Brandi Miller (in their individual and official capacities).

In her amended complaint filed on April 5, 2012, Ms. Baca alleged that Mr. Rodriguez repeatedly had sex or oral sodomy with her beginning in September or October 2008 and continuing into March 2009. Aplt. App. at 21. Although she termed the encounters "rapes," *id.* at 20, she alleged that she "came to depend on Defendant Rodriguez' companionship, his willingness to listen, and his kind words, for strength of mind and spirit," *id.* at 21. She alleged that he "began to suggest to

Plaintiff that she and he would share a life outside of prison after Plaintiff was released," and that she "was convinced that she was in a nurturing, long-term relationship." *Id.* She alleged that he "told her that he loved her," *id.*, and that he "manipulated and exploited [her] emotional vulnerabilities in order to obtain sexual gratification from her," *id.* at 23. She sought compensatory and punitive damages based on the alleged physical injury of having sex with Mr. Rodriguez.

On defendants' motions to dismiss, the district court noted that Ms. Baca had stipulated to the dismissal of her claims against Ms. Miller. *Id.* at 178 n.6. The court also dismissed the amended complaint as to Mr. Rodriguez without prejudice under Fed. R. Civ. P. 12(b)(5) for failure to effect service. In the alternative, the court dismissed the amended complaint as to Mr. Rodriguez with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state an Eighth Amendment violation because Ms. Baca consented to sex. The court dismissed the amended complaint as to the other defendants with prejudice under Rule 12(b)(6) by extension of its conclusion that Ms. Baca failed to state a claim that Mr. Rodriguez had violated her constitutional rights. Finally, the court declined to exercise supplemental jurisdiction over Ms. Baca's state-law claims. Ms. Baca filed this appeal.

## II. Discussion

Ms. Baca argues that the district court erred by: (1) ruling that she failed to state an Eighth Amendment claim, and (2) refusing to allow her more time to properly serve Mr. Rodriguez. We recently considered a claim alleging guards'

sexual abuse of a prisoner under the Eighth Amendment, holding as "a matter of first impression in this circuit," that "[a]bsent contrary guidance from the Supreme Court, we think it proper to treat sexual abuse of prisoners as a species of excessive-force claim, requiring at least some form of coercion (not necessarily physical) by the prisoner's custodians." *Graham v. Sheriff of Logan Cnty.*, No. 12-6302, 2013 WL 6698128, at \*5, \*7 (10th Cir. Dec. 20, 2013).  In light of our holding in *Graham* on the merits of an Eighth Amendment claim in this context, we need not address the details of Ms. Baca's service-of-process argument, but only the Rule 12(b)(6) dismissal of her amended complaint.

> This court reviews de novo a district court's Rule 12(b)(6) dismissal for failure to state a claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).  Accordingly, all well-pleaded allegations of the complaint are accepted as true and viewed in a light most favorable to the nonmoving party.  While factual assertions are taken as true, legal conclusions are not.  To survive dismissal under Rule 12(b)(6) for failure to state a claim, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1144-45 (10th Cir. 2013) (alterations in original).

In *Graham*, we reviewed a grant of summary judgment in favor of the county defendants.  2013 WL 6698128, at \*1.  In affirming the district court's decision, we noted that "the power dynamics between prisoners and guards make it difficult to discern consent from coercion," but we concluded that there was no such difficulty

under the circumstances of that case due to "the overwhelming evidence of [the plaintiff prisoner's] consent." *Id.* at *7 (brackets omitted) (internal quotation marks omitted).  Here, Ms. Baca did not allege any facts in the amended complaint from which it could reasonably be inferred that Mr. Rodriguez coerced her into having sex with him.  As a result, Ms. Baca did not state a claim for an Eighth Amendment violation against Mr. Rodriguez, and the district court properly dismissed the amended complaint as to CCA and the supervisory defendants.

The district court's holding that Mr. Rodriguez was not properly served, however, creates a jurisdictional wrinkle as to the Rule 12(b)(6) dismissal of the amended complaint as to Mr. Rodriguez.

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.  Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (brackets omitted) (internal quotation marks omitted).  But although, "[o]rdinarily, we would have to resolve" any jurisdictional questions before addressing the merits of a claim, we occasionally "may rule that a party loses on the merits without first establishing jurisdiction [when] the merits have already been decided in the court's resolution of a claim over which it did have jurisdiction." *Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1259-60 (10th Cir. 2009) (discussing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98-100 (1998)).  In that circumstance, "[t]he court is not

overreaching to decide an issue; after all, the issue has already been decided." *Id.* at 1260.

CCA and the supervisory defendants were properly served, and, in light of *Graham*, the district court properly dismissed Ms. Baca's amended complaint under Rule 12(b)(6) as to those defendants due to her failure to properly allege that Mr. Rodriguez violated her Eighth Amendment rights.  As a result, the dismissal of the amended complaint as to Mr. Rodriguez is "foreordained" and was also proper. *See Starkey*, 569 F.3d at 1262-63.

Affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge