**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KIA LYN FADEL HODGSON; KRISTIN
LOUISE FADEL; DOUGLAS KELLY
FADEL; KARA FADEL BURNETT,
trustees of the Rock Manor Trust,

     Plaintiffs - Appellants,

v.

FARMINGTON CITY,

     Defendant - Appellee.

No. 16-4120
(D.C. No. 1:15-CV-00125-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

    Appellants Kia Lyn Fadel Hodgson, Kristin Louise Fadel, Douglas Kelly

Fadel, and Kara Fadel Burnett ("the Fadels") are trustees for the Rock Manor Trust

("Rock Manor"). The Fadels filed this lawsuit against Farmington City after the City

deemed a deteriorating structure on Rock Manor's property to be unsafe and

demolished it, at Rock Manor's expense. The complaint alleges civil rights,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

constitutional, and statutory violations. The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6),[1] and the Fadels appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

The structure at the heart of this lawsuit was located on Rock Manor's property in Farmington, Utah. Built in 1959, the structure originally served a dual purpose: (1) it was a barn, and (2) the outside wall facing the highway was used as a billboard for advertising. The photographs in the record show that the structure transformed over time and generally deteriorated.

In 2011, the sign portion separated from the structural supports of the barn during a windstorm, triggering a series of repairs and inspections, as well as more controversy. In 2012, Farmington City ordered a structural assessment from an engineering company, which advised it had "never seen a project that met as many 'dangerous' conditions listed in the" Uniform Code for the Abatement of Dangerous Buildings ("UCADB") and identified the entire structure as dangerous. Aplee. Supp. App., Vol. 2 at 212. During the same time frame, the fire marshal advised that the structure was in "a dilapidated condition" and was "an 'attractive nuisance' to curious children and youth," as well as a fire and safety hazard. *Id.* at 213. Consequently, Farmington City issued a "Notice and Order to Repair or Demolish Building." *Id.*, Vol. 1 at 21-24. Rock Manor refused to comply.

---

[1] The district court's decision was issued by a magistrate judge, sitting by consent of the parties. *See* 28 U.S.C. § 636(c)(1), (3).

The parties then participated in an administrative hearing and appeal before the City's Building Board of Appeals, with Farmington City prevailing in both. In its written decision, the Board of Appeals concluded the structure was "a 'dangerous building' under the provisions of the [UCADB] (1997)." *Id.*, Vol. 2 at 125. The Fadels sought review of the Board of Appeals' decision in state district court. But Farmington City prevailed on summary judgment in 2013, and the Utah Court of Appeals affirmed the judgment in 2014. Farmington City then filed a motion for an order allowing demolition of the structure at Rock Manor's expense, which the district court granted. This led to a second unsuccessful appeal by the Fadels in 2015. Having twice secured the court's authorization, Farmington City demolished the structure on April 1, 2015, and invoiced the Fadels $2,239.14 for the demolition costs per the UCADB.

The Fadels filed this lawsuit, seeking at least $400,000 in compensation for the structure or, in the alternative, requesting that the structure be rebuilt and relocated. The district court dismissed the Fadels' complaint with prejudice under Rule 12(b)(6). This appeal followed.[2]

_____

[2] The appeal is timely even though the Fadels did not file their notice of appeal within thirty days of final judgment, as required by Fed. R. App. P. 4(a)(1). After we noted this deficiency in a show-cause order, the Fadels requested an extension of time to appeal under Fed. R. App. P. 4(a)(5), explaining that they paid the docketing fee before the deadline and believed the electronic filing was complete as well. The district court granted the motion, and the Fadels filed a notice of appeal within the designated time frame.

3

## II.    Analysis

The Fadels argue that the district court erred in dismissing its claims that Farmington City's demolition of the structure violated Rock Manor's rights under 42 U.S.C. § 1983, the United States Constitution, and state and municipal eminent-domain laws.  They also argue that the dismissal was erroneous because the motion to dismiss was filed after the responsive pleading and was thus untimely and because the district court failed to convert the motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56.

We do not consider the eminent-domain or timeliness arguments because the briefing on them is deficient under Fed. R. App. P. 28(a)(8).  *See Bronson v. Swensen*, 500 F.3d 1099, 1104-05 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief. . . . [C]ursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine.").  The Fadels merely cite the eminent-domain statutes in their appellate brief, without any meaningful discussion or analysis of them.  And the assertion that the motion to dismiss was not timely filed appears only within the issue statement of their brief.

We review de novo the district court's Rule 12(b)(6) dismissal of the Fadels' claims against Farmington City, accepting all well-pleaded factual allegations as true. *Howard v. Waide*, 534 F.3d 1227, 1242-43 (10th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

4

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." (alteration and internal quotation marks omitted)).

We agree with the district court that the Fadels' complaint "essentially amounts to a collateral attack on extended administrative and judicial processes in Utah's state and appellate courts that culminated in the demolition of [Rock Manor's] structure." Aplt. App. at 42. The Fadels have had ample opportunities to challenge the demolition and do not advance any new meritorious arguments in this case. The district court carefully considered their claims and concluded that they are not plausible. We affirm for substantially the same reasons articulated in the district court's thorough, well-reasoned decision dated May 12, 2016.

In affirming, we reject the Fadels' assertion that the district court erred in taking judicial notice of public records from the parties' administrative and judicial proceedings without converting Farmington City's motion to dismiss into a motion for summary judgment. The district court correctly noted that "'facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.'" *Id.* at 32 (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006)). This includes another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir.

5

2007); *see also St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). The records at issue here document the review and authorization of Farmington City's actions and thus have "a direct relation" to this case.

## III.   Conclusion

For these reasons, we affirm the district court's order dismissing the Fadels' claims under Rule 12(b)(6).

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6