FILED
United States Court of Appeals
Tenth Circuit

September 4, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

EILEEN COONCE,

    Plaintiff - Appellant,

v.

CSAA FIRE & CASUALTY
INSURANCE COMPANY,

    Defendant - Appellee,

and

AUTOMOBILE CLUB INSURANCE
COMPANY; AAA FIRE & CASUALTY
INSURANCE COMPANY,

    Defendants.

No. 18-7000
(D.C. No. 6:17-CV-00279-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***

_____

Before **EID**, **KELLY**, and **O'BRIEN**, Circuit Judges.

_____

On February 15, 2014, tenants living in a certain house in Broken Arrow,

Oklahoma, returned home from dinner to find the ceiling in the living and dining

_____

   * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

areas had caved in. An engineering survey determined the nails used in construction had failed to hold. The home's owner, Eileen Coonce, made a claim against an insurance policy (the Policy) issued for the house by CSAA Fire & Casualty Insurance Company, doing business as AAA Fire & Casualty Insurance Company. CSAA denied coverage.

Coonce subsequently sued in state court for breach of contract and bad-faith denial of coverage. CSAA removed the lawsuit to federal court. After giving Coonce two opportunities to amend her complaint, the district court granted CSAA's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. It held the Policy excluded coverage for the ceiling collapse, and because the Policy did not cover the collapse, there could be no bad-faith claim. Coonce appeals. Exercising jurisdiction under 28 U.S.C. § 1291 and reviewing the dismissal de novo, *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012), we affirm.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court directed:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (citations and internal quotation marks omitted). *Iqbal*'s plausibility standard controls the outcome of this appeal. Coonce argues her Second Amended Complaint pleads plausible claims. We disagree. To the contrary, the Second

2

Amended Complaint fails to allege any facts to overcome the Policy's unambiguous exclusions and limitations of coverage, and therefore it fails to plausibly establish coverage under the Policy or a bad-faith denial of coverage.

Although the Policy undisputedly covers the dwelling, it explicitly does *not* cover losses "[i]nvolving collapse, except as provided in [paragraph] E.8. Collapse under Section I – Property Coverages." Aplt. App. at 84.[1] The Second Amended Complaint invokes paragraph E.8. to allege coverage under the Policy.

Paragraph E.8. first defines "collapse" for purposes of the Policy. *Id.* at 81. It then establishes coverage

> for direct physical loss to covered property involving collapse of a building or any part of a building *if the collapse was caused by one or more of the following*:
>
> (1) The Perils Insured Against named under Coverage C;[2]
>
> (2) Decay that is hidden from view, unless the presence of such decay is known to an "insured" prior to collapse;
>
> (3) Insect or vermin damage that is hidden from view, unless the presence of such damage is known to an "insured" prior to collapse;
>
> (4) Weight of contents, equipment, animals or people;
>
> (5) Weight of rain which collects on a roof; or

---

[1] CSAA attached the Policy to its response, and the district court considered it without converting the motion to dismiss into a motion for summary judgment because the Policy was integral to and referenced by the Second Amended Complaint and the parties did not dispute the copy's authenticity. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Coonce did not object to this procedure in the district court and has not raised it as an issue on appeal.

[2] These perils include fire or lightning, windstorm or hail, explosion, damage by aircraft or vehicles, and other occurrences not relevant to this matter.

(6) Use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation.

*Id.* at 81-82 (emphasis added). Thus, the Policy makes it clear losses due to a collapse are covered only in certain specified circumstances.

The parties disputed whether the ceiling cave-in qualified as a "collapse" under the Policy, with the district court declining to decide the question in favor of CSAA at the dismissal stage. We need not decide that issue. Even assuming the cave-in was a "collapse," the Policy covers only a "collapse" caused by one or more of the listed circumstances. But the Second Amended Complaint does not contain any well-pleaded facts to show any of these circumstances would apply. To the contrary, the sole averment concerning the cause of the cave-in is that CSAA's "engineering firm concluded that the ceiling collapsed because the nails did not hold." *Id.* at 33. This assertion undermines any inference paragraph E.8.'s limited coverage would apply.

In addition, as CSAA argues, the Policy also unambiguously declines to insure "loss . . . [e]xcluded under Section I – Exclusions," and "loss . . . [c]aused by . . . [w]ear and tear, marring, [or] deterioration." Aplt. App. at 84, 86. In turn, "Section I – Exclusions" denied coverage for loss caused by "[f]aulty, inadequate or defective" "[d]esign, specifications, workmanship, repair, [or] construction" or "[f]aulty, inadequate or defective" "[m]aterials used in repair, construction, renovation or remodeling . . . of part or all of [the] property." *Id.* at 94. The Second Amended Complaint does not contain any facts showing these exclusions do not apply.

4

Instead, as with Coonce's "collapse" argument, the allegations tend to show the exclusions would apply.

In sum, to overcome the motion to dismiss, Coonce had to plead *plausible* claims. And in light of the Policy's plain language, to make plausible a claim for coverage of the ceiling collapse, she had to include well-pleaded facts showing one or more of the paragraph 8.E. circumstances would apply and the other unambiguous exclusions would not apply. Because she failed to do so, and therefore failed to "nudge[] [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As for the bad-faith claim, under Oklahoma law, "tort liability arises only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured." *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1249 (10th Cir. 2010) (brackets and internal quotation marks omitted). But "[a]n insurer does not act unreasonably when it withholds payment based on a legitimate dispute regarding coverage." *Id.* (internal quotation marks omitted). And when a court concludes there was no breach of an insurance policy, it follows a company's denial of coverage was not unreasonable. *Id.* Because the Second Amended Complaint lacks well-pleaded facts showing coverage and a breach under the Policy, the district court also did not err in concluding Coonce did not state a plausible bad-faith claim.

Coonce's opening brief further argues the district court failed to consider either (1) "the well settled law of the 'reasonable expectation doctrine' which states

5

that the loss is covered if the insurer reasonably leads an unsophisticated insured to believe the loss is covered," or (2) "that CSAA is estopped from claiming that the ceiling is not covered under the collapse coverage because CSSA's denial was for 'wear and tear'." Opening Br. at 6. We do not consider these arguments because Coonce did not present them to the district court and has not argued for plain error review by this court. *See Campbell v. City of Spencer*, 777 F.3d 1073, 1080 (10th Cir. 2014) ("We have held that an appellant waives an argument if she fails to raise it in the district court and has failed to argue for plain error and its application on appeal.").

Affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge