**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES E.M. PEEL, SR.,

Plaintiff - Appellant,

v.

JOINT COMMISSION, STATE SURVEY OKLAHOMA DEPARTMENT OF HEALTH; WANDA GREEN; ANN MARIE; MARY HINTZ; MIKE COOK; AMBER HARPER; MELISSA CUNNINGHAM; FRESENIUS MEDICAL CENTER; TULSA POLICE DEPARTMENT; JANE DOE, Tulsa Police Officer; TOMMY DOE, Tulsa Police Officer; ESRD NETWORK 13, previously named as Network 13; NEPHROLOGY SPECIALISTS OF TULSA, INC.; APLANA PASHRICA, previously named as Dr. Pasricha,

Defendants - Appellees,

and

SANDRA WOODRUFF,

Defendant.

No. 13-5151
(D.C. No. 4:13-CV-00092-JHP-PJC)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

James E.M. Peel appeals the district court's dismissal of his pro se civil rights complaint and its denial of his motion to amend the complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In February 2013, Peel filed a complaint against a Tulsa dialysis clinic called Fresenius Medical Center ("FMC"), the Oklahoma State Department of Health ("OSDH"), Nephrology Specialists of Tulsa ("NST"), and the End Stage Renal Disease Network 13 ("ESRD"), a federal contractor that assists dialysis facilities in Oklahoma, Arkansas, and Louisiana. The complaint also names as defendants at least one employee of each of those entities.

Peel brings his suit under 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. The crux of Peel's complaint is that the defendants intentionally abandoned their duties and conspired to murder him. He claims to have

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

received substandard treatment at FMC starting in December 2011. Peel alleges that after he filed a grievance with ESRD against FMC nurse Wanda Green, she and others retaliated against him by mishandling his medical records and harassing him with phone calls. In a letter dated July 31, 2012, Defendant Alpana Pasricha, a doctor working at NST, terminated Peel as her patient effective August 31, 2012, citing "the deterioration of our patient physician relationship." On August 1, 2012, FMC sent Peel a letter, signed by Dr. Pasricha as its Medical Director, stating that his treatment at the facility would be terminated in one month because it was unable to provide dialysis services without physician orders. Peel's complaint describes this discontinuation of treatment as cruel and unusual and alleges a conflict of interest on the part of Dr. Pasricha. He claims that all defendants ultimately conspired to kill him through the denial of dialysis treatment.

After filing the complaint, Peel sought leave to amend it to add as defendants the Tulsa Police Department and unnamed Tulsa police officers who had allegedly served as security guards at the clinic during several of Peel's visits. He also sought to amend the complaint to "further state and re-allege sufficient facts to state and prove a [c]ause of action against defendants."

All defendants moved to dismiss Peel's complaint. The case was assigned to a magistrate judge, who recommended granting all motions to dismiss and denying Peel's motion to amend. The district court affirmed and adopted the magistrate judge's recommendations. This appeal followed.

**II**

Peel challenges both the dismissal of his complaint and the district court's refusal to grant leave to amend. We review the dismissal de novo, Khalik v. United Air Lines, 671 F.3d 1188, 1190 (10th Cir. 2012), applying the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The question is whether, if the allegations [in the complaint] are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." Christy Sports, LLC v. Deer Valley Resort Co., 555 F.3d 1188, 1192 (10th Cir. 2009). Because Peel proceeds pro se, we construe his complaint liberally, but we do not craft arguments on his behalf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

We hold that Peel's conspiracy allegations do not satisfy the plausibility standard. "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005) (quotations omitted). Peel's complaint does not contain sufficient factual allegations to plausibly suggest any conspiracy. We therefore affirm the district court's dismissal of all non-state actors: FMC, NST, and their employees. See id. (private actors can be sued under § 1983 only if complaint adequately alleges conspiracy with state actors).

We also hold that Peel's Eighth Amendment claims were properly dismissed because he was not incarcerated at any time during the events giving rise to his

complaint. The Eighth Amendment's prohibition against cruel and unusual punishment applies to conditions of incarceration. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). Peel confirmed that he was not imprisoned during the relevant period, and he thus lacked a basis for filing Eighth Amendment claims.

Peel's remaining allegations—First and Fourteenth Amendment claims against OSDH and its employee Mike Cook, and ESRD and its employees—fail because they do not meet the Twombly plausibility standard. Peel claims that OSDH was aware of the termination letters and that it was responsible for protecting his rights. These allegations are insufficient to support Peel's desired conclusion: that OSDH violated his federal constitutional or statutory rights or was part of a conspiracy to murder him. We agree with the district court's dismissal of all claims against OSDH and its employee.

Similarly, Peel appears to argue that ESRD was indifferent to the grievances he filed against Green. We agree with the district court that Peel asserts no facts that would constitute a violation of his federal statutory or constitutional rights other than his allegations of conspiracy, which we have explained fail to state a plausible claim. Peel's brief on appeal does not make any arguments on these points or dispute the findings of the magistrate judge. Peel's allegations, as a whole, fall well short of the specificity and plausibility required to survive a motion to dismiss.

Peel also asks us to reverse the district court's refusal to permit him an amendment to his complaint. We generally review such a ruling for abuse of discretion, but because the district court's denial of Peel's motion to amend was based on a legal conclusion that amendment would be futile, we review that determination de novo. Peterson v. Grisham,

594 F.3d 723, 731 (10th Cir. 2010). Peel sought to add the Tulsa Police Department and several officers thereof as defendants, suggesting that the presence of police at the dialysis clinic is proof of their participation in the alleged conspiracy. We reiterate the requirement that Peel "specifically plead facts tending to show agreement and concerted action," Beedle, 422 F.3d at 1073, and conclude that the amended complaint fails to do so. In the amended complaint, Peel again makes conclusory allegations insufficient to survive the Twombly standard. We therefore agree with the magistrate judge and the district court that an amendment to the complaint would be futile. See Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Because amendment would neither cure the fatal flaws in Peel's original complaint nor add facts sufficient to state any claim for relief, we affirm the district court's refusal to grant amendment.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge