FILED
United States Court of Appeals
Tenth Circuit

December 14, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WEST MAUI PROPERTIES, LLC, a
Colorado limited liability company,

      Plaintiff - Appellant,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS, a New York corporation, in
its capacity as Trustee for Residential
Accredit Loans, Inc. Pass through
Certificates 2006-QO10 at 1761 East St.
Andrew Place; NATIONSTAR
MORTGAGE, LLC, a Delaware limited
liability company,

      Defendants - Appellees.

No. 17-1112
(D.C. No. 1:16-CV-01646-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

    Plaintiff - Appellant West Maui Properties, LLC, appeals from the district

court's order granting Defendants - Appellees' (Deutsche Bank and Nationstar

Mortgage, LLC) motion to dismiss. Order, W. Maui Props., LLC v. Deutsche Bank

Tr. Co. Ams., No. 16-CV-01646-LTB-KLM, 2016 WL 10518587 (D. Colo. Dec. 22,

2016). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

This case concerns real property located at 305 Kainoe Street in Lahaina, Hawaii. In 2006, Randolph G. Currier obtained a loan to buy the property for $1,207,500 from First Magnus Financial Corporation. Aplt. App. 35. That loan was secured by a mortgage on the property dated October 23, 2006. Id.; Aplee. Supp. App. 21–48. The prior servicer of the loan and Nationstar's predecessor, Aurora Loan Services, LLC, declared a default and foreclosed, acquiring a deed to the property and later assigning it to Deutsche Bank. Aplt. App. 42–44; Aplee. Br. at 3.

On November 12, 2015, West Maui sent Nationstar a letter ostensibly offering to purchase the mortgage as well as the property itself. Aplt. App. 7, at para. 17; id. 20. The letter stated, "I have found a party to take on these problems [concerning title to the property] and will clear it up by getting your loan for $50,000.00." Id. at 20. It was signed by "Randolph G. Currier." Id. Along with the letter, there was also a cashier's check payable to "NATIONSTAR MORTGAGE LLC" in the amount of $7,000. Id. at 21. The remitter of the check was "WEST MAUI PROPERTIES LLC." Id. The memo line stated: "mort.purch.payment Inst. No. 2006-204309 Maui, Hawaii [sic]." Id. Nationstar deposited the check and responded with a letter acknowledging receipt of the West Maui letter and promising a return letter. Id. 22, 37. West Maui continued to send various letters requesting a closing; Nationstar promised more response letters. Id. at 7–11. Nationstar did not follow up, and on June 27, 2016, West Maui filed this action.

2

In its complaint, West Maui asserted claims for breach of contract and breach of the implied covenant of good faith and fair dealing, and it sought declaratory relief. West Maui's theory is that its November 12, 2015 letter constituted an offer to purchase the mortgage loan on the foreclosed property and that by not responding to its correspondence and by depositing its $7,000 check, Nationstar and Deutsche Bank had accepted West Maui's offer. Id. at 5–15. It contends that it owns an undivided 14% interest in the property and upon completion of payment (an additional $43,000) it is entitled to 100% ownership. Id. at 14. Obviously, the defendants had a different take: "the foreclosed and evicted mortgagors, through their own company, West Maui, now claim to have submitted a valid 'offer,' and that Nationstar accepted such offer, to buy their $1.2 million plus [l]oan balance, and/or the foreclosed [p]roperty worth well over $1 million, for $50,000." Aplee. Br. at 6.

Deutsche Bank and Nationstar filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) arguing that the complaint failed as a matter of law because of insufficient facts to demonstrate a contract. Moreover, they argued, even if a contract existed, there was not a loan or mortgage to sell because both had been extinguished through foreclosure. The district court agreed that there was no contract formed and dismissed all of West Maui claims with prejudice.

On appeal, West Maui argues the district court erred by concluding that (1) the alleged offer was not sufficiently definite, (2) there was no plausible allegation of acceptance, and (3) the mortgage had been extinguished. West Maui also contends that the dismissal should have been without prejudice.

3

**Discussion**

We review a district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) de novo. Khalik v. United Air Lines, 671 F.3d 1188, 1190 (10th Cir. 2012). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In this diversity case, as the law of the forum, Colorado substantive law applies. Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1170 (10th Cir. 2010). Under Colorado law, a breach of contract claim has four elements: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." W. Distrib. Co. v. Diodosio, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted). To exist, a contract requires "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." Indus. Products Int'l, Inc. v. Emo Trans, Inc., 962 P.2d 983, 988 (Colo. App. 1997), as modified on denial of reh'g (Dec. 26, 1997). Furthermore, "[t]he terms of the offer must be sufficiently definite that the promises and performances of each party are reasonably certain." Watson v. Pub. Serv. Co. of Colo., 207 P.3d 860, 868 (Colo. App. 2008).

4

We agree with the district court that the "offer" to purchase the mortgage and property was not sufficiently definite or certain. It is entirely unclear what was being bargained for, let alone who was doing the bargaining. The letter, signed by Mr. Currier, the original mortgagor, stated it would "get[] your loan for $50,000" and that the remaining $43,000 would be "paid at closing of the loan transfer." W. Maui Props., LLC, 2016 WL 10518587, at *1. Which loan is unclear, as is to whom the loan would be transferred. The check that was associated with the letter referenced West Maui Properties, LLC, a company Nationstar had never done business with. Furthermore, the mortgage the offer purports to buy was not for sale, having been foreclosed on many years prior.[1] Id. at *4. The promises and performances of the parties were far from "reasonably certain."

Even supposing an offer, the defendants never accepted such offer. Acceptance of a bilateral offer can occur in two ways: (1) "words or conduct that, when objectively viewed, manifests an intent to accept an offer," Marquardt v. Perry, 200 P.3d 1126, 1129 (Colo. App. 2008), or (2) by silence where the relationship between the parties suggests that "an offeror is justified in expecting a reply or the offeree is under a duty to respond," Haberl v. Bigelow, 855 P.2d 1368, 1374 (Colo. 1993). West Maui contends that by

---

[1] West Maui asserts that Nationstar sold the mortgage in question to Deutsche Bank after the mortgage had been foreclosed. Aplt. Br. at 16. They cite this as proof the mortgage was not extinguished. But this does not prove anything except that Nationstar may have sold Deutsche Bank an extinguished mortgage.

depositing the check, Nationstar implicitly accepted the offer.[2]  But the acknowledgment letters do not respond to, let alone mention, the purported offer or its cryptic terms, and no facts suggest a relationship between the parties such that it would be reasonable to infer acceptance by silence.

Finally, the district court correctly dismissed the complaint with prejudice.  Even given leave to amend, West Maui could not cure its complaint.  See Curley v. Perry, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

AFFIRMED.

Entered for the Court


Paul J Kelly, Jr.
Circuit Judge

---

[2] Nationstar responds that it deposited the check because Mr. Currier, whose loan account number was referenced in the letter, had an outstanding balance of $18,509.15 due Nationstar for attorney's fees and costs from his previous attempts to challenge the original foreclosure action in Hawaii state court.  Aplee. Br. at 20–23.