FILED
United States Court of Appeals
Tenth Circuit

March 16, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MOHAMMED AL GHAREEB,

    Plaintiff - Appellant,

v.

BOARD OF TRUSTEES AT THE
UNIVERSITY OF NORTHERN
COLORADO,

    Defendant - Appellee.

No. 20-1178
(D.C. No. 1:19-CV-00228-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.
_____

Mohammed Al Ghareeb appeals from the district court's order dismissing his

Third Amended Complaint, which brought claims for national origin discrimination

in violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, retaliation, and

breach of contract. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we

affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

Mr. Al Ghareeb is from the United Arab Emirates (UAE) and was seeking a Ph.D. in Applied Statistics and Research Methods at the University of Northern Colorado (UNC).  He was the only student from the UAE in his program.

The incident that gave rise to his complaint occurred in January 2017 when he sat for his comprehensive exam.  Passing the comprehensive exam is a prerequisite to receiving his degree.  Mr. Al Ghareeb failed the first part of the exam, which was the theory portion.

Mr. Al Ghareeb alleged several irregularities in the administration of his exam.  On the first day of the exam, Mr. Al Ghareeb was given a method question instead of a theory question.  This made Mr. Al Ghareeb feel anxious because he had prepared for the theory portion and the method portion was supposed to be on the second day of the exam.  Also, Mr. Al Ghareeb's exam was created and graded by only two professors—Dr. Trent Lalonde and Dr. Khalil Shafie—but the department manual specified that the exam was to be created and graded by a panel of four to five professors.  Mr. Al Ghareeb alleged that no other similarly situated students had been given a method question on the first day or had their exam graded by only two professors.

He further alleged that a question on his comprehensive exam was the same as a question from his midterm exam, but Dr. Lalonde failed Mr. Al Ghareeb on the question even though Mr. Al Ghareeb had been given full marks for the identical response on his midterm exam.  He also alleged that Dr. Lalonde's involvement with

2

his comprehensive exam violated an earlier agreement with UNC that Dr. Lalonde should not have further academic interactions with him after Mr. Al Ghareeb complained to UNC about Dr. Lalonde's treatment of him in a class during the spring of 2014.

Mr. Al Ghareeb raised his concerns to UNC. He was told that he could retake the comprehensive exam, but he "explained that retaking the exam seemed unfair to [him] because of the situation [he] was put in." Aplt. App. at 19. He was told that there was no other solution for him other than to retake the comprehensive exam.

Mr. Al Ghareeb then filed a pro se complaint against UNC.[1] At the district court's direction, Mr. Al Ghareeb filed an Amended Complaint, which UNC moved to dismiss. The district court then granted Mr. Al Ghareeb's motion to file a Second Amended Complaint and denied UNC's motion to dismiss as moot.

UNC moved to dismiss the Second Amended Complaint. The district court concluded that Mr. Al Ghareeb's claim for national origin discrimination was barred by the statute of limitations to the extent it was premised on allegations related to Dr. Lalonde's conduct in the spring of 2014. The court also concluded that Mr. Al Ghareeb had failed to plead any link between the allegedly discriminatory conduct of Dr. Lalonde related to the 2017 comprehensive exam and Mr. Al Ghareeb's national origin. The court dismissed the claim for national origin discrimination, but it noted that better pleading might be able to cure the defects in

---

[1] Mr. Al Ghareeb represented himself throughout the proceedings in the district court, but he has now retained counsel who has filed this appeal on his behalf.

3

the complaint and so the court denied UNC's motion to the extent UNC sought dismissal with prejudice. The court notified Mr. Al Ghareeb that if he wanted to cure the deficiencies in his complaint, he could file a Third Amended Complaint, which he did.

In his Third Amended Complaint, Mr. Al Ghareeb brought claims for national origin discrimination, retaliation, and breach of contract. He asked for money damages and a waiver of the comprehensive-exam requirement. UNC moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the district court granted the motion. It dismissed the discrimination and retaliation claims with prejudice for failing to state plausible claims for relief and declined to exercise supplemental jurisdiction over the state-law claim for breach of contract.

Mr. Al Ghareeb now appeals from the district court's dismissal of his Title VI claim for national origin discrimination.[2]

II. Discussion

Title VI provides that no person shall "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" because of the person's race, color, or national origin. 42 U.S.C. § 2000d. "The two elements for establishing a cause of

---

[2] Mr. Al Ghareeb does not challenge the district court's rulings on his retaliation and contract claims. Accordingly, any arguments related to those issues are deemed waived and we do not consider them. *See Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d 730, 737 (10th Cir. 2015).

action pursuant to Title VI are (1) that there is racial or national origin discrimination and (2) the entity engaging in discrimination is receiving federal financial assistance." *Baker v. Bd. of Regents of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993). The discrimination must be "intentional." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

The Supreme Court has explained that "to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). UNC concedes that it receives federal financial assistance, so it contends that "the only issue is whether Mr. Al Ghareeb plausibly alleges that UNC intentionally discriminated against him due to his national origin in connection with the 2017 comprehensive examination." Aplee. Br. at 7-8.

In concluding that Mr. Al Ghareeb had not met the plausibility requirement, the district court explained that there were no allegations that Dr. Lalonde made "any racist or otherwise derogatory remarks . . . much less any references . . . to [Mr. Al Ghareeb's] national origin in connection with the administration of the 2017 comprehensive exam." Aplt. App. at 79. The district court further explained that Mr. Al Ghareeb had not alleged "any conduct that would support an inference of

5

national origin discrimination." *Id.* Although Mr. Al Ghareeb alleged that the creation and grading of his exam violated an earlier agreement with UNC and went against department policy, he did "not include any allegations to suggest that any of the anomalies in the exam were related to his national origin." *Id.* The district court recognized that there could be a scenario where a university's failure to follow its own policies could suggest discrimination, but it "fail[ed] to understand how the violation of departmental policy alleged here—having two rather than four or five teachers grade an exam—suggests discriminatory intent on the part of UNC." *Id.* at 79 n.2. And it noted that Mr. Al Ghareeb failed to explain in his complaint or his response to the motion to dismiss "why this irregularity suggests discriminatory animus." *Id.* Likewise, "with respect to Dr. Lalonde's conduct related to the 2017 exam, [Mr. Al Ghareeb] fail[ed] to offer facts suggesting that any anomaly in administering the exam was the result of [his] national origin." *Id.*

Mr. Al Ghareeb argues that the district court erred in determining that he failed to adequately allege that UNC discriminated against him based on his national origin. "We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo." *Khalik*, 671 F.3d at 1190.

"While the 12(b)(6) standard does not require that [Mr. Al Ghareeb] establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether [Mr. Al Ghareeb] has set forth a plausible claim." *Id.* at 1192. Mr. Al Ghareeb contends that his complaint was sufficient to plead a prima facie claim for national origin discrimination because he alleged: (1) he is a member

of a protected class as a citizen of UAE; (2) he suffered an adverse action by failing his comprehensive exam; and (3) the adverse action took place under circumstances giving rise to an inference of discrimination.[3]  For those circumstances, he alleged he was similarly situated to his fellow students in all relevant ways, except that he was the only student from UAE, and he was the only student to experience the irregularities in the creation and administration of the comprehensive exam.  He argues that the irregularities—a method question on the theory-question day, only two professors grading his exam, Dr. Lalonde's involvement in his exam, and failing him on the same question from a midterm exam that he answered identically and received full marks on before—are sufficient to state a plausible claim of national origin discrimination.

"While we do not mandate the pleading of any specific facts in particular, a plaintiff must include enough context and detail to link the allegedly adverse . . . action to a discriminatory or retaliatory motive with something besides sheer speculation." *Bekkem v. Wilkie*, 915 F.3d 1258, 1274-75 (10th Cir. 2019) (internal

---

[3] Mr. Al Ghareeb takes these elements for a prima facie claim from the *McDonnell Douglas* framework that governs Title VII claims alleging intentional discrimination based on circumstantial evidence.  *See, e.g.*, *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015) (gender discrimination).  A prima facie case under that framework "generally requires a plaintiff to show, by a preponderance of the evidence, that []he is a member of a protected class, []he suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination."  *Id.*  In addressing a Title VI claim, "[c]ourts often use the Title VII proof scheme."  *Bryant v. Indep. Sch. Dist. No. I-38*, 334 F.3d 928, 930 n.1 (10th Cir. 2003).

quotation marks omitted). "A plaintiff should have—and must plead—at least some relevant information to make the claims plausible on their face." *Id.* at 1275 (brackets and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (citation and internal quotation marks omitted)). Mr. Al Ghareeb has not alleged any factual circumstances linking the alleged irregularities with the administration of his comprehensive exam and his failing grade on that exam to his national origin.

Mr. Al Ghareeb asserts that *Downs Douglas v. Mountain Song Community School*, No. 15-cv-01056-KLM, 2016 WL 1537148 (D. Colo. Apr. 15, 2016) (unpublished), is "instructive in demonstrating how the District Court erred here in dismissing [his] discrimination claim." Aplt. Opening Br. at 14. He explains that in *Downs Douglas*, "[t]he court concluded that the plaintiff's claim of discrimination was plausible based, in part, on the fact that defendant failed to follow its own policies and engaged in procedural irregularities." *Id.* at 14-15.

In its response brief, UNC also references the *Downs Douglas* case, which involved a claim of gender discrimination, as an example of how a plaintiff can plausibly allege circumstances giving rise to an inference of discrimination. It notes that in *Downs Douglas*, the plaintiff alleged that one of the Board members responsible for terminating her employment told her that "he didn't agree with how

8

she had put her professional ambitions ahead of her responsibilities to her family, an expression of his view that women should be homemakers and housewives, not professionals." Aplee. Br. at 12 (quoting *Downs Douglas*, 2016 WL 1537148, at \*4). UNC argues that "Mr. Al Ghareeb made no similar allegation in any iteration of his complaints to connect his failing examination grade to discrimination based upon his national origin." *Id.*

*Downs Douglas* does not persuade us that we should reverse. First, it is an unpublished district court decision that carries no precedential weight. Second, it is distinguishable because it involved more than allegations of procedural irregularities; as noted above, it also involved allegations that linked the plaintiff's termination to her gender. For that reason, it does not suggest that, standing alone, the procedural irregularities that Mr. Al Ghareeb alleged create an inference of discrimination.

We therefore conclude the district court did not commit reversible error in dismissing Mr. Al Ghareeb's Third Amended Complaint for failing to state a plausible claim for national origin discrimination.

III. Conclusion

For the foregoing reasons, we affirm the district court's judgment.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

9