FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

DENNIS PERRI RUBECK,

    Plaintiff - Appellant,

v.

JAY MICHAEL BRAMMER,

    Defendant - Appellee.

No. 21-8053
(D.C. No. 0:21-CV-00116-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.[**]
_____

Plaintiff-Appellant Dennis Perri Rubeck, appearing pro se, appeals from the

district court's order granting in part Defendant-Appellee Jay Michael Brammer's

12(b)(1) and 12(b)(6) motion to dismiss.  See Rubeck v. Brammer, No. 21-CV-116,

2021 WL 3522439 (D. Wyo. July 28, 2021).  Exercising judgment under 28 U.S.C.

§ 1291, we affirm.

_____

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

## Background

In June 2021, Mr. Rubeck filed a complaint in federal district court against Mr. Brammer.  The complaint alleged that Mr. Brammer violated Mr. Rubeck's civil rights under 42 U.S.C. § 1983 in connection with collection and garnishment litigation.  Mr. Brammer represented Equilease Financial Services, Inc. as a private attorney.  Mr. Rubeck also alleged fraud, trespass, and other property-related claims.  The events alleged in the complaint took place between 2009 and 2014.

Mr. Brammer filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.  Construing Mr. Rubeck's complaint liberally, the district court found that he had established federal question jurisdiction and diversity jurisdiction.  Rubeck, 2021 WL 3522439, at *1.  However, the district court concluded that Mr. Rubeck failed to state a claim under 42 U.S.C. § 1983 because he failed to allege any facts establishing that Mr. Brammer acted under color of state law.  Id. at *2.  The district court also found that Mr. Rubeck failed to state a claim for trespass or fraud because the four-year statute of limitations had expired.  Id.  The district court declined to award attorney's fees against Mr. Rubeck as requested by Mr. Brammer.  On appeal, Mr. Rubeck argues that although the fraud against him occurred approximately twelve years ago, it has continuing effects and that Mr. Brammer violated his due process rights.

## Discussion

We review a dismissal for failure to state a claim under Rule 12(b)(6) de novo.  SEC v. Shields, 744 F.3d 633, 640 (10th Cir. 2014).  "[T]o withstand a Rule 12(b)(6)

motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" Khalik v. United Air Lines, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We construe Mr. Rubeck's claims liberally because he is proceeding pro se, but we cannot construct arguments on his behalf. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

The district court correctly concluded that Mr. Rubeck failed to state a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must plausibly allege a deprivation of a right under the Constitution or federal law and "show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A private person may act under color of state law where he conspires with a state actor to violate the plaintiff's federal rights. See Dennis v. Sparks, 449 U.S. 24, 29 (1980). Mr. Rubeck does not allege any facts showing that Mr. Brammer acted under color of state law in his capacity as a private attorney. Moreover, Mr. Rubeck explicitly states that the Wyoming state judge was "coerced" and acted "unknowing[ly]" in connection to Mr. Brammer's actions. R. 15; see also Aplt. Br. at 12. Mr. Rubeck's § 1983 claim was properly dismissed.

The district court also correctly concluded that Mr. Rubeck failed to state claims for fraud, trespass, and other property-related claims under state law. Limitations defenses may be resolved at the motion to dismiss stage when the dates recited in the complaint make it apparent that there is no longer a right to sue. Sierra Club v. Okla. Gas & Elec. Co., 816 F.3d 666, 671 (10th Cir. 2016). The applicable

3

limitations period for fraud, trespass, and injury to personal property is four years under Wyoming law.  Wyo. Stat. Ann. § 1-3-105(a)(iv).  The relevant events took place between 2009 and 2014.  The district court properly concluded that Mr. Rubeck's state law claims are time-barred.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge