**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

IKEM HARLAND,

    Plaintiff - Appellant,

v.

KANSAS CITY, KANSAS POLICE
DEPARTMENT,

    Defendant - Appellee.

No. 21-3207
(D.C. No. 2:21-CV-02060-EFM-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.[**]
_____

Plaintiff-Appellant Ikem Harland filed suit in the District of Kansas against the

Kansas City, Kansas Police Department ("the Police Department"), alleging false

arrest and abuse while he was incarcerated.  Harland struggled to comply with the

district court's orders to file an amended complaint and provide sufficient

information to issue summonses.  Ultimately, the Police Department moved to

dismiss the suit for failure to state a claim upon which relief can be granted, as

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.

required by Fed. R. Civ. P. 12(b)(6).  The district court granted the motion.  Harland now appeals the district court's grant of the Police Department's motion to dismiss.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

On February 3, 2021, Harland filed suit pro se against the Police Department asserting that he was "[a]rrested on false charges and spent 7 month[s] in jail getting abused."  R. at 9.  Harland also requested appointment of counsel.

The court denied the motion for appointment of counsel and ordered Harland to show "why this case should not be dismissed for lack of subject-matter jurisdiction."  *Id.* at 13.  In the order, the court noted that "[Harland] hasn't offered any basis for federal-court jurisdiction" and failed to state

> when [he] was arrested, by which officer(s) he was arrested, for what he was supposedly arrested, what facts support [his] contention that he was arrested on false charges, what the status or outcome of those charges might be, or how, when, and by whom [he] allegedly was abused in jail after he was arrested.

*Id.* at 17–18.

To show cause, Harland filed a response with additional facts regarding his May 2, 2019, arrest and complaints of abuse during imprisonment.  Harland provided the date of his arrest but failed to include dates accompanying his allegations and failed to associate causes of action with these allegations.  The court found these facts sufficient to demonstrate Harland "may be stating a claim of civil rights violations" under 42 U.S.C. § 1983 and did not dismiss his case.  *Id.* at 22.  The court

2

then requested that Harland file a notice naming his defendants, and the specific causes of action against them.

In response, Harland sent the court a list of police officers' names designated as defendants, alleging that they "made [a] fake video and sign[ed] the witness statement." *Id.* at 25. Harland also included a list of correctional officers' names designated as defendants, alleging that they had abused him by "feeding [him] a sack lunch three times a day for a month and a half"; causing "[b]odily harm"; "using psychological warfare tactics"; and "put[ting] a false charge of a stabbing self-defense," which placed Harland in isolation. *Id.* The court then directed Harland to file an amended complaint that listed each defendant in the complaint's caption, pursuant to Fed. R. Civ. P. 15, and requested that Harland set forth what each named defendant did that Harland contends gives rise to his claims.

Harland failed to file an amended complaint and instead sent the court a "response" stating that he had subpoenaed a correctional officer but not yet received an answer. Harland did not identify the correctional officer he allegedly subpoenaed. The court extended Harland's deadline to file the amended complaint to April 2, 2021, and requested that he designate any unidentified defendant as "John Doe" or "Jane Doe" in the complaint's caption, along with the unidentified defendants' conduct that led to his claims. *Id.* at 29–30.

Harland filed an amended complaint, in which he listed thirteen paragraphs of allegations against several John and Jane Does. The court then ordered Harland to provide addresses for all defendants by April 20, 2021, in order to prepare the

appropriate summonses, but Harland failed to respond with addresses for the John and Jane Doe defendants by that date.  As a result, the court did not add the unidentified defendants as parties to the case and retained the Police Department as the only defendant.

In response to Harland's complaint, the Police Department filed a motion to dismiss, arguing that, pursuant to Rule 12(b), (1) the district court lacked subject matter jurisdiction; (2) Harland failed to state a claim upon which relief could be granted; (3) Harland provided insufficient process; and (4) Harland provided insufficient service of process.  Harland responded to the motion by renewing his allegations from previous filings and again included the list of individuals he designated as defendants.

The court granted the Police Department's motion and dismissed Harland's claims under Rule 12(b)(6) because his "pleadings [did] not assert the circumstances surrounding the false charges or provide any factual basis tying the Police Department or its employees to the misconduct," and he failed to "provide any detail regarding the dates or circumstances" of the alleged "tortious conduct by various John and Jane Does." *Id.* at 51.

Harland timely appealed the order granting the Police Department's motion to dismiss.

## II.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Albers v. Bd. Of Cty. Comm'rs of Jefferson Cty.,*

*Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). At the motion to dismiss stage, we accept the non-movant's well-pleaded allegations as true and view them in the light most favorable to him. *Warnick v. Cooley*, 895 F.3d 743, 750–51 (10th Cir. 2018). Although we construe Harland's pro se pleadings liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Pro se litigants must still "follow the same rules of procedure that govern other litigants." *Id.* (quoting *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### III.

On appeal, Harland contends that the district court erred in dismissing his complaint because (1) the Police Department "[made] a fake video of someone in [Harland's] clothing running from the cops"; (2) the discovery "shows [the police] blowing out [Harland's] wheel tire on Minnesota [Street]" and without a back wheel, he could not have been "able to make it [to] that house" where he was arrested; and (3) the district court misapplied the law and should have taken notice of the "officer misconduct" and "filling out a false statement" claims. Aplt. Br. at 3–4. Harland also asserts on appeal that he "never got [his] day in court" and the district court's judgment was motivated by "trying to protect their own." *Id*. at 4. Harland failed to raise any of these arguments in response to the Police Department's motion to dismiss, and therefore they are not preserved for appellate review and are waived. *See Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 n.3 (10th Cir. 2012)

(explaining that failure to raise issues in district court at the appropriate time waives appellate review). Therefore, we will only review whether Harland successfully stated a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Despite liberally construing Harland's filings and assuming he intended to bring a § 1983 claim and a common law claim for false arrest under Kansas law, we find that Harland has failed to state a claim. To survive a Rule 12(b)(6) motion to dismiss, Harland's "complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Harland's factual allegations "must be enough to raise a right to relief above the speculative level" and he must frame the complaint "with enough factual matter (taken as true) to suggest" that he is entitled to relief. *Twombly*, 550 U.S. at 555–56. He has not succeeded in doing so.

Harland's complaint fails to recount the facts surrounding his alleged injury, namely the "who, what, and when supporting his claims for relief." *Barnes v. N.M. Dep't of Corr.*, No. 21-2095, 2022 WL 2189548, at *2 (10th Cir. June 17, 2022) (unpublished).[1] In the Statement of the Claim section of the district court's pro se civil complaint form, Harland was instructed to "[s]tate what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s)." R. at 9. In this section, Harland simply wrote that he "was arrested on

_____

[1] Unpublished cases are not binding precedent, but we consider them for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

false charges and spent 7 months in jail getting abused." *Id.* (cleaned up). Harland failed to provide sufficient facts to tie specific individuals to his allegations that the Police Department falsely charged him or that the correctional officers abused him while imprisoned, and failed to provide any dates for these allegations.

In the Relief section, Harland wrote that he wanted "the cops to get in trouble and money for [his] pain and suffery [sic]." *Id.* at 10. He also claimed actual damages and punitive damages and was instructed to "state the amounts claimed and the reasons you claim you are entitled to recover monetary damages," but Harland simply wrote "1 million dollars" and did not include any reasons he may be entitled to recover that amount. *Id.* Even after multiple attempts by the court to assist Harland in filing a sufficient complaint, he failed to set forth his claims.

Harland also asserts on appeal that the court failed to take notice of his claims of "officer misconduct" and "filling out a false statement." Aplt. Br. at 3–4. But the court did take notice of these arguments, and it determined that Harland's pleadings did not "provide any factual basis tying the Police Department or its employees to the misconduct in jail" and "do not assert circumstances surrounding the false charges." R. at 51. We agree.

## IV.

Because Harland failed to allege facts to state a claim for relief that is plausible on its face, his complaint must be dismissed.  Accordingly, we AFFIRM.

Entered for the Court


Allison H. Eid
Circuit Judge