**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TAMMY A. VON BUSCH,

　　Plaintiff - Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS FOR GEARY
COUNTY,

　　Defendant - Appellee.

No. 25-3026
(D.C. No. 5:23-CV-04111-TC-BGS)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

　　Tammy Von Busch sued the Board of County Commissioners of Geary County, Kansas (the "Board") under 42 U.S.C. § 1983, alleging the Board discharged her based on her protected speech. The district court dismissed her complaint for failure to allege a First Amendment retaliation claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Ms. Von Busch does not appeal the district court's dismissal of her state law claim.

## I.  BACKGROUND

### A.  *Factual Allegations*[2]

In 2017, the Board hired Ms. Von Busch as the Director of the Geary County Health Department.  Between 2017 and 2021, she received favorable employment evaluations, describing her work as "good," "commendable," and "exemplary."  App. at 6.

In January 2021, Patricia Giordano was elected to the Board.  Shortly thereafter, Ms. Von Busch observed "troubling behavior" from Ms. Giordano.  *Id.* at 7. Ms. Giordano "refused to allocate necessary funding to the Health Department," "failed to provide adequate support in her position as a County Commissioner during the COVID-19 pandemic," and "regularly acted unprofessionally toward County employees and members of the public, among others."  *Id.*  In September 2021, County employees told Ms. Von Busch the Board was planning to close the Health Department.

Ms. Von Busch, in her "private, individual capacity in private social settings," began to express concerns about the Board.  *Id.*  She also began "raising issues of public concern regarding the behavior of Giordano" in the Board's "monthly public forum meetings and to the public at large in both public forums and private social settings."  *Id.* At the September 27, 2021 Board meeting, Ms. Von Busch "expressed her concerns

---

[2] "Because this case is on appeal from a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), we accept all well-pleaded factual allegations in the complaint as true.  We present the facts as articulated in the complaint."  *Thomas v. Kaven*, 765 F.3d 1183, 1188 n.1 (10th Cir. 2014) (citation omitted).  Ms. Von Busch's amended complaint is the operative complaint ("the complaint.").

related to the rumored closing of the Health Department." *Id.* In response, Ms. Giordano became "aggressive and combative" and chastised Ms. Von Busch. *Id.*

After Ms. Von Busch started voicing these issues, Ms. Giordano sent her harassing emails, made disparaging comments about Ms. Von Busch and the Health Department to the public, and communicated with Ms. Von Busch combatively.

Based on this retaliatory behavior, Ms. Von Busch expressed questions about Ms. Giordano's fitness for office "to the public at large in both public settings and private social settings." *Id.* at 8.

Ms. Von Busch then received an "undated Notice of Disciplinary and/or Corrective Action" alleging that she had "engaged in 'fighting or creating conflict', rudeness', and 'spreading gossip.'" *Id.*

On November 29, 2021, the Board gave Ms. Von Busch her annual performance evaluation, stating her work lacked "constant, complete communication," "appropriate leadership," and "good judgment in addressing a rumor with [the Board]." *Id.* The Board then fired Ms. Von Busch.

## B. **Garcetti/Pickering** *framework*

In *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and *Pickering v. Board of Education*, 391 U.S. 563 (1968), the Supreme Court developed a framework to evaluate First Amendment retaliation claims brought by public employees against their employers. Courts apply the familiar *Garcetti*/*Pickering* factors:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as

employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Helget v. City of Hays*, 844 F.3d 1216, 1221 (10th Cir. 2017) (quotations omitted).

The test balances "the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering*, 391 U.S. at 568. This case concerns the first factor, which is an essential element that Ms. Von Busch must prove. *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1138 (10th Cir. 2024) (stating the five *Garcetti*/*Pickering* factors "are also essential elements"); *Timmins v. Plotkin*, 157 F.4th 1275, 1277 (10th Cir. 2025) (noting the plaintiff bears the burden of proof on the first *Garcetti*/*Pickering* factor).

In *Lane v. Franks*, 573 U.S. 228 (2014), the Supreme Court explained that speech on matters related to an employee's duties is not necessarily speech pursuant to those duties. "[T]he critical question . . . is whether the speech at issue is itself ordinarily within the scope of an employee's duties." *Id.* at 240; *see Timmins*, 157 F.4th at 1282 (stating "[a]n employee does not speak pursuant to her official duties merely because her speech 'owes its existence to' or 'relates to' her employment" (quoting *Lane*, 573 U.S. at 235, 239)).

4

C. *Procedural History*

Ms. Von Busch sued the Board under 42 U.S.C. § 1983 for First Amendment retaliation. The Board moved to dismiss, under Federal Rule of Civil Procedure 12(b)(6), arguing the speech leading to her discharge was made pursuant to her official duties and thus not protected by the First Amendment. The district court granted the Board's motion, holding that Ms. Von Busch's speech was made pursuant to her official duties, so she failed to state a claim. *Von Busch v. Giordano*, No. 23-cv-04111, 2025 WL 238921, at *3-4 (D. Kan. Jan. 17, 2025).

The district court found a "match between the expressions [she] identifies and the tasks she was paid to perform." *Id.* at *3. It noted that Ms. Von Busch alleged she voiced "concerns focused on [Ms.] Giordano's inadequate support of the Health Department and treatment of community members, and a rumor that the Board intended to close the Health Department." *Id.*

The court concluded that Ms. Von Busch's speech, "which focused on the Health Department's funding and a Board member's impact on that funding, is directly related to the job she was 'paid to do.'" *Id.* at *4 (quoting *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1203 (10th Cir. 2007)).

The district court further found the allegations that Ms. Von Busch spoke in her "private, individual capacity" and in "private social settings" were too conclusory to meet *Garcetti/Pickering*'s first element. *Id.* (quoting App. at 7).

Ms. Von Busch timely appealed.

5

## II. DISCUSSION

On appeal, Ms. Von Busch argues the district court erred in dismissing her complaint for failure to state a claim.

### A. *Standard of Review*

We review de novo the district court's dismissal of an action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotations omitted).

We accept well-pled allegations as true and view them in the light most favorable to the plaintiff. *Luethje v. Kyle*, 131 F.4th 1179, 1187 (10th Cir. 2025). But mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188,

6

1191 (10th Cir. 2012); *see also Waller v. City of Denv.*, 932 F.3d 1277, 1282 (10th Cir. 2019).

## B. *Analysis*

The issue on appeal is whether the complaint plausibly alleged sufficient facts to satisfy the first *Garcetti/Pickering* element—whether Ms. Von Busch's speech was not "pursuant to" her official duties. *Helget*, 844 F.3d at 1221 (quotations omitted). We conclude it did not.[3]

First, the complaint failed to allege Ms. Von Busch's official duties. It said only that she "was employed by" the Board "as the Director of [the] Health Department for Defendant County." App. at 5-6. We recently said that "statements from high-ranking persons that have official significance are more likely to be pursuant to official duties,"

---

[3]Although we affirm the district court's dismissal, our analysis differs in three respects.

First, the district court considered Ms. Von Busch's speech in its entirety, without differentiating between statements made at the September 27, 2021 Board meeting, in "public settings," or in "private social settings." *Von Busch*, 2025 WL 238921, at *2-4 (quoting App. at 7-8). We address each speech allegation to determine whether the complaint satisfied the first *Garcetti/Pickering* element.

Second, the district court found that Ms. Von Busch's speech was pursuant to her official duties and therefore unprotected because it was "directly related to" her job. *Id.* at *4. As explained above, speech related to official duties is not necessarily pursuant to those duties. *Lane*, 573 U.S. at 239-40; *Timmins*, 157 F.4th at 1281-82. We decide, consistent with *Lane* and *Timmins*, that the complaint fails to plausibly allege that the speech was not within the scope of Ms. Von Busch's official duties.

Third, the district court relied on quotes in the complaint from Ms. Von Busch's performance evaluations to infer Ms. Von Busch's official duties. *Von Busch*, 2025 WL 238921, at *3. But the quotes did not describe her official duties or support reasonable inferences that would define the scope of those duties.

7

*Timmins*, 157 F.4th at 1282, which underscores the need for Ms. Von Busch to describe her duties to show she made statements outside the scope of those duties.

The complaint also failed to allege either the content or context of Ms. Von Busch's speech, or both. It alleged the following about her statements:

- she "began expressing her dissatisfaction at the state of how issues were being handled by the Board . . . in [her] private, individual capacity in private social settings and . . . to the public at large in both public forums and private social settings";

- she "expressed her issues of public concern, such as the closure of the county Health Department and the troubling behavior of [Ms.] Giordano, in both Defendant['s] monthly public forum meetings and to the public at large in both public forums and private social settings";

- "at a September 27, 2021 monthly meeting, [she] expressed her concerns related to the rumored closing of the Health Department"; and

- "[f]ollowing the retaliatory behavior from [Ms.] Giordano, [she] further expressed her concerns related to [Ms.] Giordano's fitness for office based on her troubling behavior to the public at large in both public settings and private social settings."

App. at 7-8.

We agree with the district court that the complaint's general references to "private social settings" are too conclusory. *Id.* They tell us little about what she specifically said and tell us nothing about where, when, and to whom she made the statements. The references to "public at large" and "public settings" suffer from similar deficiencies— what did she say and where and when did she say it? *Id.*[4]

---

[4] In *Peterson v. Williams*, No. 20-4059, 2022 WL 1421959 (10th Cir. May 5, 2022) (unpublished), a *Garcetti/Pickering* case, we said the plaintiff had "failed to plausibly allege that his purported statements dealt with matters of public concern" because he did not provide sufficient "factual enhancement" to evaluate the "form and context" of his speech. *Id.* at *5 (quoting *Singh v. Cordle*, 936 F.3d 1022, 1035 (10th Cir.

The complaint refers to the Board's "monthly public forum meetings," but it identifies only the September 27, 2021 meeting, where she expressed concern about closure of her department.  App. at 7.  Doing so may have been within her responsibilities, *see Timmons*, 157 F.4th at 1282, and to establish otherwise would call for facts about her official duties and the purpose of the Board meetings, which are absent from the complaint.

The complaint leaves us largely unable to determine what she said and to whom, and where and when she said it.  *See Knopf v. Williams*, 884 F.3d 939, 946 (10th Cir. 2018) (relying on "a practical view of all the facts and circumstances surrounding the speech and the employment relationship" to determine whether speech was within an employee's official duties (quoting *Brammer-Hoelter*, 492 F.3d at 1204)).

Because the complaint lacks a description of Ms. Von Busch's official duties or the necessary content or context of her alleged speech, she has not "nudged [her] claim[] across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

---

2019)).  The complaint failed to allege "to whom [the plaintiff] spoke, how he said what he purported to say, or how his statements arose." *Id.*  We affirmed the district court's dismissal for failure to state a claim. *Id.* at *6.  As in *Peterson*, cited for its persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1, Ms. Von Busch's minimal pleading lacked necessary "factual enhancement." *Peterson*, 2022 WL 1421959, at *5 (quotations omitted).

## III.  **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge